770 S.E.2d 399

**In the Matter of Leo A. DRYER, Respondent.**

**Appellate Case No. 2015–000624.**

Supreme Court of South Carolina.

March 27, 2015.

## ORDER

The Office of Disciplinary Counsel (ODC) and respondent request the Court transfer respondent to incapacity inactive status pursuant to Rule 28 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). ODC and respondent also request the Court appoint Robert Joseph Lowe, Jr., Esquire, as successor lawyer pursuant to Rule 31(j), RLDE.

IT IS ORDERED that respondent is transferred to incapacity inactive status until further order of this Court.

IT IS FURTHER ORDERED that Robert Joseph Lowe, Jr., Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Lowe shall take action as required by Rule 31(j), RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lowe may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment. Respondent shall promptly respond to Mr. Lowe's requests for information and/or documentation and shall fully cooperate with Mr. Lowe in all other respects.

Further, this Order, when served on any bank or other financial institution maintaining trust, escrow, operating, and/or any other law account(s) of respondent, shall serve as notice to the bank or other financial institution that Robert Joseph Lowe, Jr., has been duly appointed by this Court and that respondent is enjoined from making withdrawals or transfers from or writing any check or other instrument on any of the account(s).

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Robert Joseph Lowe, Jr., Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lowe's office.

/s/Jean H. Toal, C.J.
FOR THE COURT